(112 App. Div. 655)

JACOBS et al. v. MEXICAN SUGAR REFINING CO., Limited, et al.

(Supreme Court, Appellate Division, First Department. April 20, 1906.)

1. DISCOVERY—EXAMINATION BEFORE TRIAL—WRITINGS—DEMAND FOR PRODUCTION.

Where in an action against a corporation it was necessary to plaintiff's case to prove certain agreements and proceedings of defendant, a demand on the corporation for a copy of the records and papers was not a condition precedent to plaintiff's right to an examination of defendant before trial.

2. SAME—SCOPE OF EXAMINATION.

In an action by stockholders in a corporation against it and another to annul an agreement by which a lease made by the latter to the former had been canceled, an order for the examination of the former before trial was too broad, in so far as it authorized an examination into the operations of a plantation by the latter after the cancellation of the lease, since if the lease was unlawfully canceled there might be an interlocutory judgment requiring an accounting.

Appeal from Special Term, New York County.

See 93 N. Y. Supp. 776.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

G. H. Engelhard, for appellants.
William P. S. Melvin, for respondents.

LAUGHLIN, J. The plaintiffs bring the action as stockholders of the Mexican Sugar Company, a New Jersey corporation, and demand judgment that an agreement by which a lease made by the Mexican Sugar Refining Company, a Louisiana corporation, to the Mexican Sugar Company has been canceled be declared null and void. The order for the examination of the corporation appears to have been vacated upon the theory that the plaintiffs should have applied to the company for the information before applying to the court for the ex-

amination. It appears that the plaintiffs are quite familiar with the facts, but in the main the material facts could not be proved by their testimony. It is essential to the plaintiffs' cause of action to prove certain correspondence, negotiations, agreements, and proceedings of the corporation of which they are stockholders by, with, or concerning the other corporation defendant. It is manifest that the only competent evidence of such matters are the records, correspondence, and contracts. There is no rule by which, as a condition precedent to the right to such examination, the plaintiffs are required to request the corporation for a copy of the records and papers desired; nor would the plaintiffs be bound by such copies. They are entitled to the original evidence, and this appears to be a proper case for an examination before trial. The records are now in this state, and they might not be at the time of the trial. Moreover, an examination in advance of the trial will quite likely shorten the trial, and the court should not be delayed by an investigation through records upon a trial, where the investigation may be had in advance, and the material evidence selected for presentation upon the trial.

The order for the examination, however, is too broad. It authorizes an examination into the operation of the plantation by the Mexican Sugar Refining Company after the cancellation of the lease under which it is claimed that the Mexican Sugar Company should have operated the plantation. The suit is in equity, and the issue to be tried preliminarily is as to whether the lease was lawfully canceled. If not, then there may be an interlocutory judgment requiring the Mexican Sugar Refining Company to account, and on that accounting its operation of the plantation may be investigated. But that is not essential in the first instance.

It follows, therefore, that the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, without costs, except that the original order for the examination should be modified by eliminating the subdivision thereof numbered 27, which relates to the operation of the plantation by the Mexican Sugar Refining Company after the cancellation of the lease. All concur.

---

(112 App. Div. 657)

JACOBS et al. v. MEXICAN SUGAR REFINING CO., Limited, et al.

(Supreme Court, Appellate Division, First Department. April 20, 1906.)

Appeal from Special Term, New York County.

Action by Solomon R. Jacobs and another against the Mexican Sugar Refining Company, Limited, and another. From so much of an order